### Case No. 7,291.

JEROME et al. v. FLOATING-DOCK.

[3 Hughes, 508.] [1]

Circuit Court, D. Maryland. Jan. 14, 1879.

BOND, Circuit Judge. This cause coming on to be heard upon the libel and answer filed, with the proofs and testimony taken therein, was argued by counsel, and thereupon, after due consideration, the court doth find the facts to be: 1st. That on the seventeenth day of September, 1876, the schooner Ida C. Latham, a vessel of the burden of 492 tons, was lying securely moored at her wharf in the harbor of Baltimore, when at about the hour of six o'clock in the afternoon she was struck in her stern by the floating-dock belonging to William T. Clark, torn from her moorings, and much damage inflicted upon her. 2d. That the floating-dock of Clark was moored to a wharf securely, and with sufficient care to resist the effect of any storm of wind or sea ever known before in that harbor. 3d. That the day being Sunday the hands who work at the dock had gone home, there being no shelter on it for the men. 4th. That about four o'clock the wind began to blow from the southeast, and in an hour increased to a gale of such violence as to make the water rise in the harbor to a height greatly beyond the point ever before known there. 5th. That the dock was fastened by hawsers and chains to piles driven through the wharf into the bed of the basin, but the water rose so high that it lifted the dock above the piles to which it was fastened; this caused the hawsers to slip over the top of the piles, and the dock was driven violently across the basin to where the schooner Ida C. Latham was moored, and colliding with her damaged her to the amount of one hundred and seventy dollars. 6th. And the court finds that the collision was caused by the unprecedented character of the storm at the time, and not by the want of prudence, skill, or care of the owners or crew of the dock. That it occurred by the act of God, and not from negligence or want of precaution. And the court doth find the law to be that in case of collision arising under the above facts each party must bear his own loss. It is ordered that the decree of the district court be reversed, and that the libel be dismissed, each party paying his own costs.